# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, JR., | Case No. 1:25-cv-01348-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| DELACUZ, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| Defendants. | (ECF Nos. 1, 15) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.    Background

Plaintiff Robert Hackworth, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 24, 2026, the Court screened Plaintiff's complaint and found that he stated a cognizable claim against Defendant Delacuz for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims. (ECF No. 14.) The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*) On April 15, 2026, Plaintiff notified the Court that he only wished to proceed on the Eighth Amendment claim against Defendant Delacuz. (ECF No. 15.)

1

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A.    Plaintiff's Allegations

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison in Delano, California.  Plaintiff names Correctional Officer Delacuz as the sole defendant.

In Claim I, Plaintiff asserts a violation of his First and Eighth Amendment rights.  Plaintiff alleges that on 1-29-25, Officer Delacuz ran up behind him and pushed Plaintiff so hard to the ground that he hurt his neck, back, and head.  Plaintiff claims that Defendant Delacuz did these actions out of retaliation for Plaintiff filing a 602 on him for messing with Black inmates.

Plaintiff claims that Officer Delacuz is a threat to the safety of Plaintiff and other Black inmates on FAC-A and B yards.  Officer Delacuz used excessive force on Plaintiff for no reason, but to hurt Plaintiff for filing 602s against him.  Officer Delacuz pushed Plaintiff down to the cement ground so hard that Plaintiff "had to be taken to the H.O.S.P." where his neck and back were in very serious pain as well as his head.  (ECF No. 1 at 3.)  Plaintiff realleges that Officer Delacuz used excessive force on Plaintiff out of retaliation for Plaintiff filing 602s on him and his fellow officers for messing with plaintiff and other Black inmates.  Plaintiff contends that the use of excessive force caused him injuries to his neck, back, and head.  He has whiplash so much so that he cannot get out of bed some mornings.  He has a hard time grooming himself because it is hard for him to turn and stand for a long time, like an hour or 30 minutes, also making it hard for Plaintiff to hold down a job because he was a day labor on the streets, so his ability to take care of himself is in very serious jeopardy because he has to move boxes and furniture for a living and now has been told not to lift over 17 pounds.

In Claim II, Plaintiff asserts a violation of the Eighth Amendment.  He alleges that on 1-29-25, Officer Delacuz just ran up behind him and pushed him to the cement ground as hard as he could, "causing Plaintiff to receive the following medical problems back & neck and head that [he] had to go to the hospital for which says that Plaintiff has whiplash in his back & neck and busted head."  (ECF No. 1 at 5.)  Plaintiff is now having "mind grain" headaches.  (*Id.*)  Plaintiff alleges that Officer Delacuz's actions toward him are a threat to his safety because Officer Delacuz is in a power position that he can hurt Plaintiff at any time.

In Claim III, Plaintiff alleges that on 1-29-25 Officer Delacuz pushed him down to the cement ground and wrote a false 115 report claiming that Plaintiff was interfering with an officer in the performance of his duty.  Plaintiff claims this never happened, and the Lieutenant dismissed the 115 report as false.  Plaintiff asserts that the false 115 stopped Plaintiff from receiving a BPH hearing for parole.

As relief, Plaintiff seeks monetary damages.

///

///

**B.      Discussion**

**1.      Eighth Amendment - Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Delacuz.

**2.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

As currently pled, Plaintiff's complaint fails to state a cognizable claim for retaliation against Defendant Delacuz.  Although Plaintiff alleges that Defendant Delacuz took adverse actions against him because of Plaintiff's protected conduct in filing grievances, Plaintiff fails to allege that such action(s) chilled the exercise of Plaintiff's First Amendment rights.

**3.    False Report**

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rules violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Accordingly, without more, such as allegations supporting retaliation, Plaintiff's

5

complaint does not state a cognizable claim against Defendant Delacuz for an allegedly false 115 report.

### 4. Parole

Plaintiff cannot maintain a constitutional violation based on denial of early parole consideration, because Plaintiff has no protected liberty interest in parole.  There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole).  It follows that there is no constitutional right to parole consideration. *See Fernandez v. Nevada*, No. 3:06-CV-00628 LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). And where there is no liberty interest in parole eligibility or parole, there can be no due process violation. *Id.*

### III.    Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant Delacuz for excessive force in violation of the Eighth Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, the Court of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's complaint, filed on October 9, 2025, against Defendant Delacuz for excessive force in violation of the Eighth Amendment; and

2.  All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in**

**the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 18, 2026**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

7