# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>Plaintiff,<br><br>v.<br><br>DELACUZ,<br><br>Defendant. | Case No. 1:25-cv-01348-JLT-BAM (PC)<br><br>ORDER GRANTING SECOND MOTION FOR EXTENSION OF TIME TO FILE A WAIVER OF SERVICE OF PROCESS AND RESPONSIVE PLEADING<br><br>(ECF No. 25) |

Plaintiff Robert Hackworth ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Delacuz for excessive force in violation of the Eighth Amendment.

On May 27, 2026, the Court ordered electronic service on Defendant Delacuz and directed the California Department of Corrections and Rehabilitation ("CDCR") to file a Notice of E-Service Waiver advising the Court which defendant(s) would be waiving service of process without the need for personal service. (ECF No. 20.) That order also required the California Office of the Attorney General ("OAG") to file, within 30 days from the filing of the Notice of E-Service Waiver, a separate waiver of service of process for any defendant waiving service under Federal Rule of Civil Procedure 4(d)(1). (*Id.*) On July 6, 2026, CDCR returned the Notice of E-Service Waiver indicating that Defendant Delacuz intends to waive service. (ECF No. 22.) Therefore, waiver of service of process from the OAG for Defendant Delacuz is due on or before August 5, 2026, and any responsive pleading is due on or before September 4, 2026.

On July 31, 2026, counsel for the OAG, by special appearance, filed a motion requesting a thirty-day extension of time to file a waiver of service of process for Defendant Delacuz and a

thirty-day extension of time to file a responsive pleading. (ECF No. 23.) On August 4, 2026, the Court granted the request and directed that Defendant Delacuz file a waiver of service on or before September 4, 2026, and a responsive pleading on or before October 5, 2026. (ECF No. 24.)

On September 1, 2026, counsel for the OAG, by special appearance, filed a second motion requesting an extension of time to file a waiver of service of process for Defendant Delacuz and a responsive pleading. (ECF No. 25.) Counsel from the OAG states that the extension is necessary to determine whether the OAG will be representing Defendant Delacuz in this matter. Counsel asserts that it therefore would be inappropriate for the OAG to file a waiver of service on behalf of Defendant Delacuz at this time. Counsel expects that a thirty-day extension will allow enough time to determine representation for Defendant Delacuz. Counsel further indicates that if the OAG determines it can represent Defendant Delacuz and a waiver of service is filed on his behalf, then another 30 days will be needed to file a responsive pleading because defense counsel will need time to discuss this case with Defendant Delacuz. (*Id.*)

Having considered the request, the Court finds good cause to grant an extension of time for Defendant Delacuz to file a waiver of service of process and to file a responsive pleading in this action. Fed. R. Civ. P. 6(b). The Court further finds that Plaintiff will not be prejudiced by the brief extension. However, further extensions of time must be supported by demonstrated good cause, which will be narrowly construed.

Accordingly, it is HEREBY ORDERED that:

1. The second motion for an extension of time, (ECF No. 25), is HEREBY GRANTED.
2. Defendant Delacuz shall file a waiver of service of process on or before **October 2, 2026**.
3. Defendant Delacuz shall file a responsive pleading on or before **November 2, 2026**.

IT IS SO ORDERED.

Dated: **September 2, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE