# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT HACKWORTH,

Plaintiff,

v.

DELACUZ,

Defendant.

Case No. 1:25-cv-01348-JLT-BAM (PC)

ORDER DENYING MOTION REQUESTING APPOINTMENT OF COUNSEL

(ECF No. 31)

Plaintiff Robert Hackworth ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Delacruz (sued as Delacuz) for excessive force in violation of the Eighth Amendment. Defendant answered the complaint on November 2, 2026. (ECF No. 28.)

On November 4, 2026, the Court issued a Discovery and Scheduling Order, which set the deadline for completion of discovery as July 4, 2027. (ECF No. 29.)

Currently before the Court is Plaintiff's motion requesting appointment of counsel, filed on November 16, 2026. (ECF No. 31.) In support of his motion, Plaintiff asserts that his case just became more complicated because (1) "now Plaintiff has to deal with CDCR lawyers and Defendant Delacuz lawyers," (2) there are inmate witnesses that need to be contacted that CDCR has moved from KVSP and placed in other prisons; and (3) there is the issue of video tapes of the incident, along with officers' body cams and Defendant's body cam. (*Id.* at 1.) Plaintiff indicates

that this case will involve at least 5 inmate witnesses and 3 officer witnesses and he cannot possibly contact all of these witnesses while in RHU. Plaintiff reports that he is not allowed out of RHU until next year some time and "by then there [is] no telling where all the witnesses will be." (*Id.*) Plaintiff contends that with a lawyer he could have all the witnesses found and get their depositions and declarations without CDCR and Defendant moving them around. Plaintiff claims that right after the issue with Defendant, they moved two of Plaintiff's witnesses to PBSP and will not allow them to write each other. Plaintiff additionally states that his grade level is very low and there may be some issues he may not be able to understand, making it "very hard for Plaintiff to trial this case." (*Id.* at 2.) He also requests a lawyer because there will be officer witnesses and doctor testimony, as well as inmate witnesses and complicated medical issues and medical records to be used at trial.

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by indigent prisoners with no legal training and only limited education. These plaintiffs also must litigate complex cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. While Plaintiff has stated a claim for relief, this does not mean that Plaintiff will prevail at trial. The case is in its early stages, and the Court cannot conclude that Plaintiff's claims are likely to succeed on the merits. Further, based on a review of the record in this case, including his motion for appointment of counsel, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion requesting appointment of counsel, (ECF No. 31), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 18, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE